DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Jason R. Kiley has appealed from his convictions in the Akron Municipal Court. We affirm.
 I {¶ 2} On May 30, 2006, Appellant was charged with domestic violence in violation of Akron City Code ("A.C.C.") 135.16 and child endangering in violation of A.C.C. 135.17. The charges arose from an incident that allegedly occurred on May 6, 2006 when Appellant was exercising shared custody of his son. The child's mother, Autumn Ivey-Kiley came to pick the child up and *Page 2 
noticed a large red mark on the child's face which resembled a hand print. Upon examining the child further, the mother noticed bruises on numerous locations on the child's body.
 {¶ 3} The matter proceeded to a jury trial on September 27, 2006. At trial, the State presented evidence that the child's injuries were intentionally inflicted and inconsistent with stopping the child from choking. Appellant testified on his own behalf, stating that the injuries to the child's back were likely from when he stopped the child from choking. Appellant had no explanation for the child's remaining injuries. At the conclusion of the evidence, the jury found Appellant guilty of both charges. Appellant was then sentenced accordingly by the trial court. Appellant has timely appealed his convictions raising two assignments of error. For ease of analysis, we have consolidated Appellant's assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN OVERRULING DEFENSE COUNSEL'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL MADE AT THE CLOSE OF THE STATE'S CASE. THERE WAS NOT SUFFICIENT EVIDENCE TO CONVICT THE DEFENDANT-APPELLANT ON ANY OF THE CHARGES AT TRIAL."
 Assignment of Error Number Two
"MR. KILEY'S CONVICTION FOR DOMESTIC VIOLENCE AND ENDANGERING CHILDREN WERE AGAINST THE *Page 3 
MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 4} In his assignments of error, Appellant has argued that the State produced insufficient evidence to support his convictions and that his convictions were against the manifest weight of the evidence. This Court disagrees.
 {¶ 5} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386. *Page 4 
In State v. Roberts, this Court explained:
 "[Sufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *4. (Emphasis omitted).
Accordingly, we address Appellant's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 6} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten, 33 Ohio App.3d at 340. *Page 5 
 {¶ 7} Appellant was convicted of domestic violence in violation of A.C.C. 135.16(B) which provides as follows: "No person shall recklessly cause serious physical harm to a family or household member." Appellant was also convicted of child endangering in violation of A.C.C. 135.17(A) which provides as follows: No person, being the parent * * * of a child under eighteen * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support."
 {¶ 8} On appeal, Appellant has not denied that his child was injured while in his exclusive care. Rather, Appellant has argued that the child's injuries could be explained by his reaction when the child was choking. During his testimony, Appellant stated that the child choked during dinner and that he slapped the child on the back to save him. Appellant's testimony was less than compelling in light of the testimony elicited by the State.
 {¶ 9} The child's mother, Autumn Ivey-Kiley, testified as follows. She and Appellant were going through a divorce at the time of the incident. At the time of the child's injuries, the two shared custody of the child, each keeping the child for five days at a time. Upon arriving with her boyfriend to pick up the child from Appellant's time with him, Autumn noticed that the child was quieter and more subdued then normal. Then, while placing the child in his car seat, Autumn noticed what she believed to be a slap mark on the child's face. Autumn then returned to Appellant's residence and demanded to know what had happened to *Page 6 
the child. According to Autumn, Appellant smiled and responded that the child had fallen down.
 {¶ 10} Autumn continued her testimony as follows. She and her boyfriend, Brandon Vanderhoff, then drove the child to her parents' home. Autumn's parents agreed with her assessment that the child had been hit by someone. The police were called and eventually the child was taken and examined at Akron Children's Hospital.
 {¶ 11} Brandon Vanderhoff testified that he witnessed the child's injuries as well when Autumn placed the child in the car. Mr. Vanderhoff also testified that he overheard Appellant say that the child had fallen down.
 {¶ 12} In addition, the State presented the testimony of Dr. Maria Ramundo. Dr. Ramundo examined the child on the day the injuries were discovered. Dr. Ramundo testified that in her expert opinion the injury to the child's face was the result of a slap. She indicated that the markings on the face demonstrated where fingers had come into contact with the child's face, leaving a distinctive mark. Dr. Ramundo also testified that the child's injuries were not consistent with an individual trying to stop the child from choking. Specifically, Dr. Ramundo stated that the injuries to the child's face, buttocks, thighs, and neck were inconsistent with any theory related to trying to save the child from choking.
 {¶ 13} Accordingly, the State presented substantial evidence that the child was slapped across the face. During his testimony, Appellant admitted that the *Page 7 
child had no injuries when he began his custody visit. Moreover, Appellant's testimony that he attempted to save the child from choking, thereby inflicting the injuries, was inconsistent with the medical testimony. Furthermore, even during his testimony, Appellant could give no explanation for the injury to the child's face, stating that he noticed it after the child awoke from a nap.
 {¶ 14} The jury, therefore, had substantial evidence before it that the child was slapped across the face and had numerous bruises on his body following a stay with Appellant. The jury then heard Appellant testify in a manner inconsistent with the medical facts and without an explanation for the child's facial injury. Accordingly, we cannot say that the jury lost its way when it found Appellant guilty of domestic violence and child endangering. Appellant's convictions, therefore, were not against the manifest weight of the evidence. Having disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. See Roberts, supra, at *2. Appellant's assignments of error lack merit.
 III {¶ 15} Appellant's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.
 Judgment affirmed. *Page 8 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
BETH WHITMORE FOR THE COURT
 CARR, J. MOORE, J. CONCUR. *Page 1